**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRENCE MOORE,

       Plaintiff,

v.                                     Case No. 11-11146

PAUL T. WALTON and MICHAEL D. WARREN,

       Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL,
TERMINATING AS MOOT REQUEST TO HOLD CASE IN ABEYANCE,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Pending before the court is Plaintiff Terrence Moore's pro se civil rights complaint filed under 42 U.S.C. § 1983.  Plaintiff filed his complaint on March 21, 2011. The court has granted his application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff is a state prisoner currently confined at the Lakeland Correctional Facility in Coldwater, Michigan.  In his complaint, he is challenging the constitutionality of his state criminal proceedings, specifically stating that he was maliciously prosecuted.  He names Oakland County Prosecutor Paul T. Walton and Oakland County Circuit Court Judge Michael D. Warren as Defendants in this action.  Plaintiff is seeking monetary damages.

On April 21, 2011, Plaintiff filed a request to hold this case in abeyance pending the results of his habeas and civil rights actions that are presently before the Sixth Circuit.  *See Moore v. Curtin*, No. 10-2647 (6th Cir. filed Dec. 17, 2010) (appealing the

denial of his habeas petition); *Moore v. Hartley*, No. 11-1539 (6th Cir. filed Apr. 26, 2011) (a civil rights action involving an excessive force claim).

Having reviewed the complaint, the court will dismiss it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because the court will dismiss this case, the court will terminate as moot Plaintiff's request to hold this action in abeyance.

## I. DISCUSSION

### A. Standard of Review

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to dismiss an *in forma pauperis* complaint *sua sponte* before service on a defendant if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c). The court is similarly required to dismiss a complaint seeking redress against governmental entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The court must read the plaintiff's pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

2

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).

Taking fully into account the less stringent pleading standard regularly accorded pro se plaintiffs, the court finds nonetheless that Plaintiff's complaint must be dismissed.

### B.  No Claim Against State Court Judge Warren

First, the court notes that Defendant Oakland County Circuit Court Judge Michael D. Warren is entitled to absolute immunity.  Judges and judicial employees are entitled to absolute judicial immunity on claims for damages.  *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (holding judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996).

Allegations arising from Plaintiff's state criminal proceedings involve the performance of judicial duties.  Judge Warren is absolutely immune from suit for such conduct and the claims against him must be dismissed.

### C.  No Claim Against Prosecutor Walton

3

Second, Plaintiff's action against Oakland County Prosecutor Paul T. Walton must be dismissed because prosecutors are immune from suit for actions taken during the prosecution of Plaintiff.

"Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and . . . presenting the State's case." *Imbler*, 424 U.S. at 430-31. The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (citations omitted). As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of determining the applicability of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003).

In the present case, the decisions by Oakland County Prosecutor Walton to prosecute Plaintiff, his advocacy in court, his communication with witnesses, and his decisions regarding the disposition of the case are all part of his role as advocate for which he is entitled to absolute prosecutorial immunity. Therefore, the complaint must be dismissed against Defendant Walton.

### D.  Criminal Conviction Claims Barred by *Heck v. Humphrey*

4

Finally, Plaintiff's complaint is subject to dismissal because he is alleging that defendants intentionally concealed exculpatory evidence in his trial court proceeding and thus he was maliciously prosecuted.  Specifically, Plaintiff claims that Defendants concealed health and psychiatric records which would have demonstrated his mental incapacities and that his confession was a result of force.

While a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), it cannot be used to contest the validity of his continued confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id.* at 487-89.  *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).  If Plaintiff were to prevail on the claims arising from his criminal proceedings, the validity of his continued confinement would be called into question.  Such claims are barred by *Heck* and must be dismissed.

5

## II.  CONCLUSION

For the reasons stated, the court determines that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to both Defendants.

Accordingly, IT IS ORDERED that the complaint [Dkt. # 1] is summarily DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

IT IS FURTHER ORDERED that Plaintiff's request to hold this case in abeyance [Dkt. # 5] is TERMINATED AS MOOT.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal.


 s/Robert H. Cleland                                    
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 6, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 6, 2011, by electronic and/or ordinary mail.


 s/Lisa Wagner                                    
Case Manager and Deputy Clerk
(313) 234-5522